UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
MAR 21 2008
3-21-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Sheila D. Hudson

_____

(Name of the plaintiff or plaintiffs)

CIVIL ACTION

v.

John E Porter
Postmaster General
United States Postal Services
(Name of the defendant or defendants)

08cv1677
JUDGE LEINENWEBER
MAG. JUDGE KEYS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **Sheila Denise Hudson** of the county of _____ in the state of **Illinois**.

3. The defendant is **John E. Porter**, whose street address is _____

(city)_____ (county)_____ (state)_____ (ZIP)_____

(Defendant's telephone number)  (___) - _____

4. The plaintiff sought employment or was employed by the defendant at (street address) **3635 N. Lincoln Ave** (city) **Chicago** (county) **Cook** (state) **IL** (ZIP code) **60657**

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **11**, (day) **21**, (year) **04**.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month) **FEB** (day) **2** (year) **2006**
    ☐ No, did not file Complaint of Employment Discrimination

    2. The plaintiff received a Final Agency Decision on (month) **12** (day) **24** (year) **07**.

    c. Attached is a copy of the

        a. Complaint of Employment Discrimination,
        ☒ YES ☐ NO, but a copy will be filed within 14 days.

        (ii) Final Agency Decision
        ☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 12 (day) 24 (year) 07 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

    (a) ☐ Age (Age Discrimination Employment Act).
    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)
    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant *[check only those that apply]*

    (a) ☐ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): My manger + superors harass me thoughout my Chemo + Rad, treatment My manger was discussing My Medical Bussiness with other Employee in which I file in my EEO with True Harassment Charges which was never Bught up in my case on all my paper Work that was noticed

13. The facts supporting the plaintiff's claim of discrimination are as follows: My mangen + superor told me that they would work with me while I was being treated for Breast Cancer, Chemo, Rad. They provided Building route for a couple of Lady that was Expecting Babies + That They would give me the same services I was denied Building to do + was force to work overtime to complete my route and my doctor put me on Lightday which was never honor,

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): The stress Became so stressful that all my Doctor took me off of Work Because of stress, I was off 6 months without pay, all mine Bills got Behind My credit was destroy due to This. I was really hurt Because I didn't Think a place where I had worked For 14 years would do something like This to anyone that was Faced with any kind on cancer

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
_Sheila Hudson_

(Plaintiff's name)
_Sheila Hudson_

(Plaintiff's street address)
_2503 Prairie Crossing DR_

(City) _Montgomery_ (State) _Ill_ (ZIP) _60538_
(Plaintiff's telephone number) _(630) - 673-0280_

Date: _3-21-08_



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Sheila D. Hudson,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(Great Lakes Area)
Agency.

Appeal No. 0120061991[1]
Hearing No. 210-2005-00325X
Agency No. 4J-606-0087-05

DECISION

On February 2, 2006, complainant filed an appeal from the agency's January 12, 2006 final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq*. The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission AFFIRMS the agency's final decision.

BACKGROUND

At the time of events giving rise to this complaint, complainant worked as a Letter Carrier at the Graceland Annex in Chicago, Illinois. In July 2004, complainant was diagnosed with breast cancer. In October 2004, complainant submitted a leave request under the Family and Medical Leave Act (FMLA), form WH-380, Certification of Health Care Provider, which stated that complainant would receive chemotherapy for 16 weeks and radiation therapy for 22 weeks beginning October 25, 2004. The form also indicated that due to the chemotherapy, complainant might have some complications and side effects, such as fatigue, nausea and infection. The form further indicated that complainant would be unable to perform one or more of the essential functions of the job. As to which functions of the job, the doctor stated "it will depend on her side effects."

---

[1] Due to a new data system, this case has been redesignated with the above-referenced appeal number.

On March 11, 2005, complainant filed an EEO complaint alleging that she was discriminated against on the basis of disability (breast cancer) when beginning in October 2004, she was not provided the reasonable accommodation of serving a building route rather than a street route.

At the conclusion of the investigation, the agency provided complainant the option of choosing to have a hearing before an EEOC Administrative Judge (AJ) or having the agency issue a decision without a hearing (FAD). Complainant elected to have a hearing; however, the AJ assigned to the case denied the request as a sanction for her failure to comply with the AJ's October 4, 2005 Order. That Order required that discovery be completed by October 21, 2005, and set November 9, 2005, as the date for dispositive motions and pre-hearing submissions. Complainant filed a response on December 9, 2005, arguing that a settlement agreement had not been reached and acknowledging that she failed to file her pre-hearing statement. Complainant argued that her failure to file pre-hearing submissions was not in bad faith. On December 16, 2005, the AJ dismissed complainant's hearing request and remanded the complaint to the agency for issuance of a final agency decision. According to the AJ, complainant's response lacked sufficient factual or legal substance showing "good cause."

In its FAD, the agency concluded that complainant failed to establish a *prima facie* case of disability discrimination as she did not show that she was an individual with a disability under the Rehabilitation Act. Specifically, the agency found that there is no medical documentation indicating that complainant was substantially limited in a major life activity. The agency also found that complainant did not request an accommodation or light duty and she did not submit medical documentation containing job restrictions. The agency found no evidence that complainant had difficulty performing the rigorous duties of a letter carrier. Moreover, the agency noted that complainant placed her name on the overtime-desired list and regularly worked overtime. The FAD further concluded that even assuming, *arguendo*, complainant established a *prima facie* case of disability discrimination, the agency nonetheless articulated legitimate, nondiscriminatory reasons for its actions. Specifically, the agency found that building routes are bid assignments awarded based upon seniority, so even if complainant requested building routes, the agency could not have granted that request without violating the collective bargaining agreement.

## CONTENTIONS ON APPEAL

On appeal, complainant contends that she requested on numerous occasions to be given a "flat mail route" or routes that had no stairs because she was having physical pain related directly to her medical condition (fatigue, joint pain, burning feet, and stress, as result of her chemotherapy treatment). Complainant also contends that she submitted a FMLA documentation which clearly stated that she might be unable to perform one or more of the essential functions of her job depending upon her side-effects. Complainant argued that once the agency was on notice of her condition, it should initiate an interactive process to

accommodate her disability. Complainant further contends that no accommodation was ever attempted by the agency.

In response, the agency requests that we affirm its final action.

## ANALYSIS AND FINDINGS

As a preliminary matter, we note that we review the decision on an appeal from a FAD issued without a hearing *de novo*. 29 C.F.R. § 1614.405(a). To the extent that complainant is alleging that the agency failed to provide her with a reasonable accommodation, we note that under the Commission's regulations, an agency is required to make reasonable accommodation to the known physical and mental limitations of a qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship. 29 C.F.R. §§ 1630.2(o) and (p). As a threshold matter, complainant must establish that she is an "individual with a disability."

Here, assuming, without finding, that complainant is an individual with a disability within the meaning of the Rehabilitation Act, we find that complainant has not shown that the agency failed to provide her with a reasonable accommodation. We note that complainant alleged that her assigned duties working her street route were painful to her due to her disability. Complainant alleged that because of her medical condition, she could not stand a long time, or walk up and down stairs. She also suffered joint pain and burning of the feet. For this reason, some of her duties were outside of her physical limitations. Complainant explained that her first chemotherapy session began in October 2004, and at the time, she informed her supervisor that she was not feeling well and asked for a building route as an accommodation. Complainant also alleged that she verbally requested a building route as an accommodation in December 2004, and February 2005.

The undisputed record shows that in October 2004, complainant submitted medical documentation requesting leave for her treatment under FMLA. The documentation indicated that complainant would receive chemotherapy for 16 weeks and radiation therapy for 22 weeks. The medical documentation also described possible side effects of the treatment as fatigue, nausea and infection as reasons why complainant might need to miss work. We find that the FMLA documentation was the only medical evidence submitted by complainant, in which no medical restrictions were listed. We note that complainant argued that once she submitted the FMLA documentation, the agency should initiated an interactive process to accommodate her disability. However, the fact that complainant was eligible for leave under FMLA does not mean that she was an individual with a disability under the Rehabilitation Act, nor does the FMLA documentation constitute a request for accommodation under the Rehabilitation Act.[2]

---

[2] Employees protected by Title VII or the Rehabilitation Act must be independently "eligible" for FMLA leave. "Eligibility" for FMLA leave depends on several factors, for example, length of service. (Family and Medical Leave Act of 1993). A qualified individual with

Complainant additionally argues on appeal that the agency knew or should have known that she required an accommodation, and should have initiated an interactive process to accommodate her disability. However, we note that as a general rule, the individual with a disability -- who has the most knowledge about the need for reasonable accommodation -- must inform the employer that an accommodation is needed. *See* EEOC Enforcement Guidance on Reasonable Accommodation Under the Americans with Disabilities Act ("Guidance"), No. 915.002, Question 40 (rev. Oct. 17, 2002) ("an employer should initiate the reasonable accommodation interactive process without being asked if the employer: (1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation."). In the instant case, we are not persuaded that the agency knew or should have known that complainant needed an accommodation. We note that her managers deny that they ever received a request to switch routes as a reasonable accommodation. Moreover, the record contains no doctor's note requesting a route change or explaining how a route change would enable complainant to perform the essential functions of her job. The record reveals that complainant was performing the duties of her job successfully, and also asked for overtime on several occasions. Under the instant circumstances, we cannot conclude that the agency failed in its obligation to provide complainant with a reasonable accommodation.

Since complainant provided no information to her managers regarding her physical limitations and work restrictions, we are not persuaded that complainant was denied an accommodation. The Commission has published extensive guidance on reasonable accommodation. It is well settled Commission policy that a request for reasonable accommodation does not have to be in writing, does not have to use the magic words "reasonable accommodation," and can come from someone other than the individual who needs it. *See* Guidance, Questions 1-3. However, when requesting accommodation, an individual or his/her representative must let the agency know that the individual needs an adjustment or change at work for a reason related to a medical condition. *Id.* at Question 1. The preponderance of the evidence in the record does not demonstrate that complainant informed the agency of her need for an adjustment or change at work. As such, the Commission finds that complainant failed to establish her claim that the agency did not provide her with a reasonable accommodation.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the agency's final action.

---

disability within the meaning of the Rehabilitation Act is one who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment, or (3) is regarded as having such impairment. 29 C.F.R. § 1630.2(g). Under the FMLA the condition does not need to be an impairment that substantially limits a major life activity.

5                                                                    0120061991

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

DEC 1 8 2007

Date