## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1677 | **DATE** | 6/12/2008 |
| **CASE TITLE** | Hudson vs. Potter | | |

**DOCKET ENTRY TEXT**

Plaintiff Sheila Hudson's application to proceed *in forma pauperis* and her motion for appointment of counsel are **denied without prejudice**.  Plaintiff is given until July 7, 2008 to submit an amended *in forma pauperis* application or pay the filing fee.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court are Plaintiff Sheila Hudson's petition to proceed *in forma pauperis* and motion for appointment of counsel.  Because both requests lack information necessary to a proper decision upon them, they are denied without prejudice.

To proceed *in forma pauperis*, Plaintiff must demonstrate an inability to prepay the filing fee or provide security therefor.  *See* 28 U.S.C. § 1915(a).  According to Plaintiff's financial affidavit, she receives $3,200 a month in income, or $38,400 a year.  She has no assets of significant value, and she also provides $500 a month in support for her son and her granddaughter.  Additionally, Plaintiff states that she does not own any property, but that she has a mortgage of $2,319.67 a month.  These facts alone do not permit the Court to make a fair determination of Plaintiff's inability to pay the filing fee.  While the Court is sympathetic to the demands of Plaintiff's mortgage payment, particularly given Plaintiff's allegations that the conduct she complains against forced her deep into debt, the Court must assure itself that it is not granting *in forma pauperis status* to a litigant who owns an expensive home and has significant equity from which she could pay the filing fee or provide security therefor.  Specifically, the Court requests the Plaintiff to provide further detail about the mortgage she pays, the value of that home, and the amount of equity she has in the property compared to the remaining debts encumbering it.  Plaintiff is given until July 7, 2008 in which to submit such an amended application or pay the filing fee.  Otherwise, this case will be dismissed.

In determining whether to grant a motion for appointment of counsel, the Court must make a threshhold inquiry into the Plaintiff's attempts to secure counsel.  *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).  Because Plaintiff's motion fails to describe any such attempts, her motion for counsel must be denied without prejudice.  The Court notes that employment discrimination cases such as this one are often handled by attorneys on a contingency-fee basis, meaning that Plaintiff may well be able to secure representation with few or no up-front funds.  If Plaintiff still is unable to retain counsel after meaningful attempts to do so, Plaintiff may submit an amended motion detailing those attempts, and the Court will rule on the amended motion at that time.